# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:05CV201

| | |
|---|---|
| ROBERT JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion to dismiss which is opposed by the Plaintiff. The motion is granted.

## I. PROCEDURAL HISTORY

In *United States v. Johnston*, Civil Case No. 2:92cv89, the United States obtained a final judgment against the Plaintiff in this action concerning unpaid tax liabilities in the amount of $809,073.15. In that action, it was determined that the United States had valid tax liens on real estate owned by Robert Johnston, specifically, 2615 Shoal Creek Road, Murphy, North Carolina. On May 10, 2005, the undersigned ordered that property sold at

auction to satisfy any portion of the tax indebtedness.  The property was, in fact, sold.

Prior to the sale but after the order of sale was entered, Johnston initiated this action which he describes as one to "quiet title" to the real estate at issue.  The Government has moved to dismiss this action based on principles of *res judicata*.

## II.  DISCUSSION

> Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication.  The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel.  The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.". . .  [C]laim preclusion requires only a valid and final judgment.

***Orca Yachts, L.L.C. v.  Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (quoting  *In re Varat Enter., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)) (other internal citations omitted).**  In order to establish this defense, Defendant must show "'(1) a final judgment on the merits in a prior suit, (2) an identity of the

cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" **Jones v. S.E.C.**, **115 F.3d 1173, 1178 (4th Cir. 1997) (quoting** *Meekins v. United Transp. Union*, **946 F.2d 1054, 1057 (4th Cir. 1991))**.

Here, the Defendant has shown each of the above elements. In opposition, Johnston merely reiterates the same "tax protestor" type arguments he consistently made in the previous action. He rails against the taxation of income by the United States, refers to the Government as the "super defendant," and claims that the undersigned is engaged in a conspiracy with the Government because "every ministerial and judicial Actor in this forum, will summarily employ everything and anything to protect the empire['s] fund and their mutual employment[.]" These arguments do nothing to refute the fact that *res judicata* defeats this action.

Moreover, Johnston is hereby placed on notice that any future frivolous filings by him may result in the imposition of sanctions against him. Federal Rule of Civil Procedure 11 provides in pertinent part:

> By presenting to the court . . . a pleading, . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;
> (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).** Johnston is cautioned against any future frivolous filings. In the event that he does not heed this caution, sanctions of both a monetary and non-monetary nature may be imposed against him. *Pro se* litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating***, 33 Fed. Appx. 918 (10th Cir. 2002); ***Tinker v. Hanks***, 255 F.3d 444, 445 (7th Cir. 2001); ***In re Vincent***, 105 F.3d 943 (4th Cir. 1997). Johnston is hereby warned that future frivolous filings may result in monetary sanctions such as an award of attorneys' fees or a penalty to be paid into Court. Such conduct may also result in the imposition of a pre-filing review system. ***Vestal v. Clinton***, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as

frivolous.  **Foley v. Fix**, 106 F.3d 556 (4th Cir. 1997); **In re Head**, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994).  Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings.  **See**, 28 U.S.C. § 1651(a); **In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).**

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is hereby **GRANTED,** and this action is hereby **DISMISSED WITH PREJUDICE** in its entirety.

**Signed: November 5, 2005**

Lacy H. Thornburg
United States District Judge